Judge Buckner,
delivered the opinion of the court.
In 1818, Hannagan filed his bill iii chancery against Daniel, Pettit and Payne, alleging that he had executed two notes to Pettit, payable upon a contingency, which had not happened; that Pettit had assigned them to Daniel, who had commenced suits thereon, and, at a time when he was sick and unable to attend, for the purpose of making defence, had recovered judgments; upon which executions were issued, and placed in the hands of Payne as constable, who had made the amount by sale of his, llannagan’s property, but had not paid it to Daniel. He prays for an injunction, restraining Payne from parting with the money, until the further order of the court; and for such relief as might be deemed equitable. An injunction was accordingly granted.
Neither of the persons named as defendants answered. No subpoena was issued against Daniel; but one against Pettit, Payne, and Chinn, as guardian for Daniel was returned executed.
On the 10th of February, 1829, the cause was submitted to the circuit court for decision; but on the next thereafter, Hannagan obtained leave to file an amended bill, which, as it is stated in the record, he did; but what the amendment was, does not appear.
At a subsequent term, the circuit court entered a decree as follows: “It appearing that the injunction in this case was dissolved at the February term, 1826, and the said Daniel permitted to have the benefit of his judgments at law, together with ten per centum damages *49 thereon, it is therefore decreed and ordered, that the defendant, Daniel, refund to said Hannagan, the sum of $40, with interest from the third of March, 1817, until paid; and with like interest, from the third of March, 1817, until paid, also $7 costs, and $12 10 •cents, the per centum- damages, being the several amounts unjustly collected by said Daniel, «fee.”
-p0 a bi]j 0f injunction, the plaintiff ment enjofncá is a necessary party.
^ subpoena must issue against infant /lofcnHnnts rn defendants to a bill in chanoeiy*
Before any deeree affect °an berendered, a guar- ®or e^”st have accept’d merit,^and14 that fact should appear rec°
Chinn, for plaintiffs; Combs, for defendants.
To reverse this decree a writ of error is prosecuted. It is too obviously erroneous, to require comment to point at its defects. Daniel, who had recovered judgmentsj and who was a necessary party to a bill seeking a decree affecting them, was not brought before the court.
If he was an infant, as we suppose he was, process ought nevertheless to have issued against him; and a guardian ad litem should have been appointed to de- . 1 lend tor hjm.
The bill could not properly be taken as confessed against him; and before any decree affecting his interest, whilst an infant, with propriety be entered against him, a guardian appointed to defend for him, must have accepted the appointment; and that fact should appear of record. But if process had been served on all the persons named as defendants, and the objection mentioned did not exist, the decree could not upon other grounds be sustained.
Hannagan does not allege in his bill, that Daniel had received the money; he expressly says that he had not. The court therefore, have decreed to him, what he did not demand. The record exhibits no'proof, the declaration of the fact by the court, that Daniel had not receivedany part of the money, collected by the officer; and if hé had received it, he cannot be compelled to return it, so long as the judgments in his favor referred to in the bill, remain unreversed.
The decree of the circuit court must be reversed, and the cause remanded for further proceedings to be had, not inconsistent with this opinion.